IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL SOTO, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES T. WYNDER, et al., | : | NO. 06-3140 |
|     Respondents. | : | |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution, in Dallas, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.    PROCEDURAL HISTORY

On June 19, 1991, following a jury trial, petitioner was convicted of first-degree murder and criminal conspiracy. Specifically, petitioner was convicted of fatally shooting Nepomuceno Pacheco. Petitioner was sentenced to a term of life imprisonment for the murder conviction, along with a consecutive term of five (5) to ten (10) years imprisonment for the conspiracy conviction.

On June 27, 1996, petitioner's post-trial motions were denied. Petitioner filed a direct appeal to the Superior Court of Pennsylvania. On April 24, 1997, the Superior Court affirmed petitioner's judgment of sentence. Petitioner's petition for allowance of appeal to the Pennsylvania Supreme Court was subsequently denied on December 31, 1997.

On August 25, 1998, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq. The PCRA court notified petitioner of the court's intention to dismiss the petition without a hearing and that petitioner had twenty days to respond. On January 29, 1999, petitioner filed a pro-se response to the PCRA court's proposed dismissal. However, the PCRA court had dismissed petitioner's petition on January 27, 1999, two days prior to the receipt of petitioner's response.

On February 11, 1999, petitioner filed a notice of appeal to the Superior Court. On December 16, 1999, the Superior Court vacated the PCRA court's decision dismissing petitioner's petition, and remanded the petition for appointment of new counsel. From December 16, 1999 through the present petitioner has been represented by three different counsel. On September 20, 2006, the court held an evidentiary hearing on petitioner's PCRA petition. On November 21, 2006, the PCRA court denied petitioner's petition. Petitioner filed a notice of appeal to the Superior Court. That PCRA appeal is currently pending in state court.

Petitioner filed the instant petition for Writ of Habeas Corpus on June 29, 2006. Respondents retort that the petition for Writ of Habeas Corpus is premature since petitioner's PCRA petition is currently pending in state court and thus should be dismissed without prejudice. We agree.

II.     EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28

U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies.  O'Sullivan, 526 U.S. at 845.  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which burden demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).

      Where a post-conviction proceeding is pending in state court, the exhaustion requirement is not satisfied.  Thus, where an appeal or collateral challenge of a state criminal conviction is pending, the appellant must await the outcome prior to filing a petition for Writ of Habeas Corpus in federal court, regardless of whether the issues he would raise in his petition have already been settled in the state courts.

      In the case at bar, petitioner's PCRA appeal to the Superior Court is still pending in the state court, and thus, petitioner is not eligible to make application for habeas relief.  In theory, petitioner may succeed in his PCRA appeal, in which case he could be awarded a new trial, rendering the instant petition for Writ of Habeas Corpus moot.  As a result, we find the petition for Writ of Habeas Corpus premature, and we recommend that it be dismissed without prejudice.

Therefore, I make the following:

<u>RECOMMENDATION</u>

AND NOW, this _____ day of January, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

 /S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE